DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Common Pleas Court judgment that denied a Civ. R. 60(B) motion for relief for judgment that Michael F. Pletcher, defendant below and appellant herein, filed.
 {¶ 2} Appellant raises the following assignment of error for review:
 "THE HONORABLE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT *Page 2 
PURSUANT TO CIV.R. 60(B)."
 {¶ 3} On March 29, 2006, appellee filed a personal injury complaint against appellant for injuries sustained in an automobile collision. Appellee filed a praecipe for service requesting the clerk to serve appellant at 78 East First Street, Apartment 7, in The Plains, Ohio. The clerk subsequently notified appellee of the failure of service. Appellee then attempted service at 8233 Salem Road, in Athens, Ohio. The clerk was unable to complete service at this address. Unbeknownst to appellee, appellant had twice moved since the date of the accident. Each time, however, appellant notified the post office of his change of address.
 {¶ 4} Appellee next requested the clerk to serve appellant pursuant to R.C. 2703.20. The clerk's office then served a copy of the complaint to the Secretary of State and to appellant by registered mail. The registered mail to appellant was returned as "not deliverable as addressed." The clerk subsequently notified appellee that the service upon appellant by registered mail failed.
 {¶ 5} On September 6, 2006, appellee filed a motion for default judgment. The trial court subsequently granted her motion, finding that service was perfected under R.C. 2703.20. The court thus entered a default judgment against appellant on the liability issue and reserved the damage issue for a subsequent hearing.
 {¶ 6} On March 13, 2007, appellee filed an affidavit attesting to her damages. In it, she claimed past medical expenses of $2,543.75 and on-going medical costs of $60 every three weeks. She further asserted that as a result of the accident she has suffered limited range of motion in her left shoulder and that she is "unable to stand for *Page 3 
any period of time without pain." On June 8, 2007, the trial court awarded appellee $25,000 for past medical expenses, on-going and future medical treatment, and pain and suffering.
 {¶ 7} On August 30, 2007, appellee filed a "supplemental complaint" that named Progressive Insurance Company as an additional defendant. She requested Progressive, appellant's insurer, to pay the judgment. Progressive hired a private investigator to locate appellant. On December 7, 2007, a private investigator contacted appellant and advised him to contact Progressive's attorney. Upon doing so, appellant learned of the default judgment.
 {¶ 8} On January 18, 2008, appellant filed a motion for relief from judgment and asserted that appellee failed to obtain proper service upon him and, as such, he did not receive notice of the action. Appellant additionally argued that he would have a meritorious defense to present and that he filed the motion within a reasonable time after he discovered that the court entered a default judgment against him.
 {¶ 9} The trial court denied appellant's motion. The court determined that "service on [appellant] was proper" and that appellant failed to set forth a meritorious defense. This appeal followed.
 {¶ 10} In his sole assignment of error, appellant argues that the trial court's judgment against him is void because it lacked jurisdiction to enter judgment against him when appellee did not obtain proper service. Appellant additionally asserts that the trial court abused its discretion by overruling his Civ. R. 60(B) motion for relief from judgment. Specifically, he asserts that the court improperly concluded that he would *Page 4 
not have a meritorious defense to present.
 {¶ 11} We first consider appellant's argument that the trial court's default judgment is void due to a lack of proper service of process. "[F]or a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void."Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61, 64,133 N.E.2d 606; see, also, Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd.of Revision (2000), 87 Ohio St.3d 363, 366-367, 721 N.E.2d 40;Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bod. ofRevision, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, at ¶ 20. A decision entered without jurisdiction "is unauthorized by law and amounts to usurpation of judicial power." State ex rel. Ballard v.O'Donnell (1990), 50 Ohio St.3d 182, 184, 553 N.E.2d 650, citingState ex rel. Osborn v. Jackson (1976), 46 Ohio St.2d 41, 52,346 N.E.2d 141. The party seeking to vacate a default judgment due to a lack of jurisdiction need not pursue relief under Civ. R. 60(B), which deals with voidable judgments, but may rely on the inherent power of the court to vacate a void judgment. See Patton v. Diemer (1988), 35 Ohio St.3d 68,70, 518 N.E.2d 941 (stating that court has inherent authority to vacate a void judgment); Surgical Servs. v. Cremeans, Cuyahoga App. No. 83493,2004-Ohio-2330, at ¶ 6. Thus, a party seeking to vacate a void judgment need not satisfy the requirements of Civ. R. 60(B). See Thomas v.Corrigan (1999), 135 Ohio App.3d 340, 343, 733 N.E.2d 1213; see, also,State ex rel. Scioto Cty. Dept. of Human Serv. v. Proctor, Scioto App. No. 04CA2498, 2005-Ohio-1581, at ¶ 9. In Ballard, for example, the court concluded that the trial court lacked jurisdiction to enter judgment against a person when the person was not served with *Page 5 
summons and did not enter an appearance in the action. The court also noted that the person was not a party to the action. The court held that under these circumstances, the person was entitled to have the judgment vacated.
 {¶ 12} In the case sub judice, appellant claims that the trial court did not acquire jurisdiction over him because appellee did not properly serve him. Thus, we must examine whether appellee properly served appellant with the complaint.
 {¶ 13} "For service of process to be valid, the plaintiff must satisfy the requirements set forth in the Ohio Rules of Civil Procedure."Sweney v. Smythe, Cramer Co., Geauga App. No. 2002-G-2422, at ¶ 14;Faith v. Scuba, Geauga App. No. 2007-G-2767, at ¶ 41; Patterson v.Patterson, Cuyahoga App. No. 86282, 2005-Ohio-5352. The Civil Rules set forth various methods of service. See Civ. R. 4.1 (listing methods of service as certified or express mail, personal service, residence service), Civ. R. 4.4 (providing for service by publication), Civ. R. 4.6 (providing for service by ordinary mail). Additionally, R.C. 2703.20
provides for service of process upon the Secretary of State as agent for any resident of this state who conceals his whereabouts. The statute provides:
 Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, within this state, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who subsequently becomes a nonresident or conceals his whereabouts, by such acceptance or licensure and by the operation of such motor vehicle within this state makes the secretary of state of the state of Ohio his agent for the service of process in any civil suit or proceeding instituted in the courts of this state against such operator or owner of such motor vehicle, arising out of, or by reason of, any *Page 6 
accident or collision occurring within this state in which such motor vehicle is involved. Such appointment shall be irrevocable and binding upon the executor or administrator of such nonresident operator or owner.
 Such process shall be served, by the officer to whom the same is directed, or by the sheriff of Franklin county, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state by leaving at the office of the secretary of state, at least fifteen days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy, with an indorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process.
 {¶ 14} In the case sub judice, appellee attempted certified mail service upon appellant. When her efforts failed, she looked to R.C. 2703.20 to obtain proper service. Appellant claims that service under R.C. 2703.20 is not proper because appellee failed to show that appellant had concealed his whereabouts. We agree.
 {¶ 15} Appellee raises no dispute that appellant did not receive actual notice of the complaint. Furthermore, she does not seriously contest whether appellant concealed his whereabouts. Instead, she relies on the fact that appellant's insurer hired a private investigator to locate him. However, this one fact is not sufficient to show that appellant concealed his whereabouts. Indeed, other evidence tends to show that appellant did not conceal his whereabouts. When appellant moved, he notified the post office of his change of address. His conduct in notifying the post office does not demonstrate the actions of a man trying to conceal his whereabouts. Simply because appellee's attempts to serve appellant by using outdated addresses proved *Page 7 
unsuccessful does not result in the conclusion that appellant concealed his whereabouts. Thus, because appellant did not conceal his whereabouts, appellant's claim that service was not proper has merit.[1] As service was not proper, the court did not acquire jurisdiction to enter a default judgment against appellant.[2]
 {¶ 16} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's sole assignment of error and hereby reverse the trial court's judgment.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and that appellant recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Abele, P.J., Kline, J. McFarland, J.: Concur in Judgment Opinion For the Court
[1] Another method of service pursuant to the Civil Rules is service by publication.
[2] Our conclusion obviates the need to address whether appellant satisfied the requirements of Civ. R. 60(B). *Page 1