[Cite as *Peoples Bank, Natl. Assn. v. McGhee*, 2013-Ohio-3859.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| Peoples Bank, National Association, | : | Case Nos. 12CA11 |
| | : | 13CA4 |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| Steve McGhee, Inc., et al., | : | |
| | : | |
| Defendants-Appellees, | : | |
| | : | |
| and | : | |
| | : | |
| Steve McGhee, Inc., et al., | : | RELEASED: 09/03/2013 |
| | : | |
| Third-Party Plaintiffs-Appellees, | : | |
| | : | |
| v. | : | |
| | : | |
| Spring Valley Properties, Inc., et al., | : | |
| | : | |
| Third-Party Defendants-Appellants. | : | |

_____
APPEARANCES:

Rebecca D. Louks, OTHS HEISER & MILLER LLC, Wellston, Ohio, for appellants
Spring Valley Properties, Inc., Matthew Clickenger, and Heather Clickenger.

Eric. R. Mulford, MULFORD & WISEMAN, LLC, Gallipolis, Ohio, for appellees Steve
McGhee, Inc. and Steven B. McGhee.

Jerry E. Peer, Jr., PETERSON, CONNERS, FERGUS & PEER, LLP, Columbus, Ohio,
for Receiver, New Perspective Asset Management, LLC.
_____
Harsha, J.

{¶1} Matthew Clickenger, Heather Clickenger, and Spring Valley Properties,

Inc. appeal the trial court's denial of their Civ.R. 60(B) motion for relief from the default

judgment the court granted Steven B. McGhee and Steve McGhee, Inc. (collectively

"McGhee"). The Appellants claim the court abused its discretion when it denied their

motion without an evidentiary hearing.  We agree.  The motion and attached evidentiary materials contain sufficient allegations of operative facts to merit a hearing to determine whether Civ.R. 60(B) relief is appropriate.  Accordingly, we reverse the trial court's judgment and remand for a hearing.  This decision renders moot the Appellants' additional arguments about the merits of their Civ.R. 60(B) motion.

## I.  Facts

{¶2}    Peoples Bank, National Association filed a foreclosure complaint against McGhee and other defendants who are not pertinent to this appeal.  In response, McGhee filed an answer, counterclaim, cross claims, and a third-party complaint against the Appellants.  In the third-party complaint, McGhee made breach of contract and fraud claims.  McGhee also made allegations related to piercing the corporate veil and claimed the Clickengers had personally guaranteed payment of sums due McGhee under a land installment contract.  Because the Appellants did not answer the third-party complaint, McGhee filed a motion for default judgment against them.  The trial court granted this motion by entry filed on February 14, 2012.  The court entered judgment against the Appellants, jointly and severally, in the amount of $336,960.19 plus interest and court costs.

{¶3}    On May 31, 2012, the Appellants filed a Civ.R. 60(B) motion for relief from judgment and requested a hearing.  The court denied the motion without a hearing in December 2012, finding the Appellants "failed to satisfy the three-part test set forth in *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*"  The Appellants appealed from this entry in appellate case number 12CA11.  Subsequently, the trial court issued a nunc pro tunc entry, apparently at the Appellants' request, certifying that there was "no just

reason for delay" of an appeal from its entry denying the Civ.R. 60(B) motion.  The

Appellants filed a notice of appeal from this entry in appellate case number 13CA4.

Upon their request, we consolidated the appeals.

## II.  Assignment of Error

**{¶4}**   The Appellants assign one error for our review:

The trial court abused its discretion in overruling the Clickengers' Civ.R. 60(B), Motion for Relief from Judgment.

## III.  Motion for Relief from Judgment

**{¶5}**   In their sole assignment of error, the Appellants contend the trial court

abused its discretion when it overruled their Civ.R. 60(B) motion for relief from

judgment.  Initially, we note that at the time the Appellants filed their motion, it did not

actually qualify as a Civ.R. 60(B) motion.  Civ.R. 60(B) states that a court "may relieve a

party or his legal representative from a *final* judgment, order or proceeding * * *."

(Emphasis added.)  Thus, a Civ.R. 60(B) motion is "proper only with respect to final

judgments." *Fleenor v. Caudill*, 4th Dist. Scioto No. 03CA2886, 2003-Ohio-6513, ¶ 12.

"If the judgment from which the moving party seeks relief is not final, then the motion is

properly construed as a motion to reconsider * * *." *Id.* at ¶ 13.

**{¶6}**   Here, the February 2012 default judgment entry did not constitute a final

order because at the time the court issued it, claims still pended against other parties

and the court did not certify that there was "no just reason for delay" under Civ.R. 54(B).

*See Jarvis v. Staley*, 4th Dist. Washington No. 10CA15, 2012-Ohio-3832, ¶ 9-10.

Nonetheless, it appears that by the time the trial court actually ruled on the Appellants'

motion, the court resolved the remaining claims and a final order did exist.  Therefore,

like the parties and trial court, we will treat the Appellants' motion as one for relief from

judgment instead of as one for reconsideration.

{¶7}   The Appellants argue in part that the court erred when it denied their motion without first conducting an evidentiary hearing.  "A party who files a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to a hearing on the motion."  *Natl. City Home Loan Servs., Inc. v. Gillette*, 4th Dist. Scioto No. 05CA3027, 2006-Ohio-2881, ¶ 15.  "We review the trial court's decision as to whether to conduct an evidentiary hearing under an abuse of discretion standard."  *Harris v. Harris*, 5th Dist. Stark No. 2000CA00196, 2001 WL 109128, *3 (Feb. 5, 2001).  The phrase "abuse of discretion" connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary.  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).  When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court.  *In re Jane Doe 1*, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1991).  However, even though the court's discretion is broad, it is not unbridled.

{¶8}   The movant bears the burden to demonstrate that he is entitled to a hearing on a Civ.R. 60(B) motion.  *PHH Mtge. Corp. v. Northrup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 28.  "To warrant a hearing on a Civ.R. 60(B) motion, the movant must allege operative facts that would warrant relief under Civ.R. 60(B)."  *Id.*, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996).  "Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief."  *PHH Mtge. Corp.* at ¶ 28, citing *French v. Taylor*, 4th Dist. Lawrence No. 01CA15, 2002 WL 10544 (Jan. 2, 2002).

**{¶9}**    Ultimately, "[t]o prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.  "If any of these three requirements is not met, the motion should be overruled." *Natl. City Home Loan Servs., Inc.* at ¶ 14.  *See GTE Automatic Elec., Inc.* at 151 (finding these requirements "independent and in the conju[n]ctive, not the disjunctive").

**{¶10}**  Timeliness.  The Appellants relied in part on Civ.R. 60(B)(1) as grounds for relief in their motion.  To assert that provision, their motion had to be filed not more than one year after the final judgment was entered and also within a "reasonable time." Civ.R. 60(B).  "A reasonable time must be determined under the facts of each case." *French* at *2.

**{¶11}** In their motion, the Appellants attempted to explain the approximately three and a half month delay between the time the court entered the default judgment against them and the time they filed the Civ.R. 60(B) motion.  The Appellants claimed they spent the time looking for an attorney to represent them, but multiple attorneys declined before they finally found one.  But as we explained above, when the Appellants filed their Civ.R. 60(B) motion, the default judgment against them did not actually constitute a final order.  However, it appears that judgment became final before the

court ruled on the motion, so in effect, the Appellants prematurely filed their Civ.R. 60(B) motion and there was no delay for them to explain. Thus, it would seem the Appellants filed the motion within the one-year time limit and within a reasonable time despite the fact that they did not make this specific argument in their motion.

{¶12} Meritorious Defense. " '[A] proffered defense is meritorious if it is not a sham and when, if true, it states a defense *in part,* or in whole, to the claims for relief set forth in the complaint.' " (Emphasis added.) *Spaulding-Buescher v. Skaggs Masonry, Inc.,* 4th Dist. Hocking No. 08CA1, 2008-Ohio-6272, ¶ 10, quoting *Amzee Corp. v. Comerica Bank-Midwest*, 10th Dist. Franklin No. 01AP-465, 2002-Ohio-3084, ¶ 20. In the proposed answer attached to their motion, the Appellants alleged the defense of failure to state a claim upon which relief can be granted. Although not stated in the "**Meritorious Defense**" section of their motion, the Appellants complained in their motion that the third-party complaint alleged fraud but "fails to allege any specific acts which constitute fraud." *See* Civ.R. 9(B) ("In all averments of fraud * * *, the circumstances constituting fraud * * * shall be stated with particularity."). A review of the third-party complaint suggests this partial defense to the claims is not a sham. Therefore, we conclude the Appellants alleged enough operative facts of a partial meritorious defense to warrant a hearing.

{¶13} Excusable Neglect. In their motion, the Appellants argued in part that they were entitled to relief from the default judgment under Civ.R. 60(B)(1) because of excusable neglect. Excusable neglect is "an elusive concept which has been difficult to define and to apply." *Kay*, 76 Ohio St.3d at 20, 665 N.E.2d 1102. However, "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete

disregard for the judicial system.' " *Id.*, quoting *GTE Automatic Elec., Inc.,* 47 Ohio St.2d at 153, 351 N.E.2d 113.  Moreover, "the concept of 'excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to 'strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' " *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980), quoting 11 Wright & Miller, *Federal Practice & Procedure*, Section 2851, 140.

{¶14}  An excusable neglect inquiry "must of necessity take into consideration all the surrounding facts and circumstances." *Colley* at 249.  "These include the amount of time between the last day that an answer would have timely been filed and the date the default judgment was granted, the amount of the judgment awarded, and 'the experience and understanding of the defendant with respect to litigation matters.' " *State v. Hulgin*, 9th Dist. Summit No. 26719, 2013-Ohio-2794, ¶ 13, quoting *Colley* at 249.  In addition, courts must remain mindful of the fact that "'[m]atters involving large sums should not be determined by default judgments if it can reasonabl[y] be avoided.'" *Colley* at 249, fn.5, quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir.1951).  Moreover, "[w]here timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits." *GTE Automatic Elec., Inc.* at paragraph three of the syllabus.

{¶15}  In their motion, the Appellants complained that the third-party complaint was "extraordinarily lengthy and complicated, involving multiple parties, counter-claims,

cross-claims, and third parties." The Appellants averred that they are inexperienced in legal matters and that when they received notice of the third-party complaint, they "misunderstood the document to mean that action was not required" from them "until the case between People's Bank and Steve McGhee was resolved."

**{¶16}** As the Appellees point out, this court has previously stated that "[g]enerally, a failure to plead or respond after admittedly receiving a copy of a complaint is not 'excusable neglect.' " *Shannon v. Shannon*, 4th Dist. Lawrence No. 00CA46, 2001 WL1155711, *2 (Sept. 26, 2001). We have also previously recognized that "[s]everal cases address the concept of 'excusable neglect' as it relates to pro se litigants. The vast majority conclude that lack of counsel and ignorance of the legal system does not constitute 'excusable neglect.' " *Dayton Power & Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶ 12.

**{¶17}** Nonetheless, the experience and understanding of the defendant about litigation is a factor courts can consider in evaluating excusable neglect. The Appellants made averments about their lack of experience. Moreover, this litigation involves a large sum of money – over $300,000.00. We believe these "facts and circumstances," coupled with the Appellants' timeliness and alleged partial meritorious defense, provided the court with enough operative facts to warrant a hearing on the Civ.R. 60(B) motion. Therefore, we conclude the court's decision to deny the motion without a hearing was unreasonable.

**{¶18}** Accordingly, we sustain the sole assignment of error in part, reverse the court's judgment, and remand for an evidentiary hearing on the Civ.R. 60(B) motion. We stress the fact that our decision should not be construed as a comment on the

ultimate merits of the Civ.R. 60(B) motion.  In fact, our decision to remand for an evidentiary hearing renders moot the Appellants' claims about the merits of their motion, so we do not address them.  App.R. 12(A)(1)(c).  On remand, the trial court still has discretion to grant or deny the motion.  *ATI Performance Prods., Inc. v. Stevens*, 4th Dist. Hocking No. 12CA6, 2013-Ohio-1313, ¶ 6 ("A Civ.R. 60(B) motion for relief from judgment is generally committed to the trial court's sound discretion * * *.").  However, it would be helpful for potential future appellate review if the trial court issued a decision to explain the rationale behind whatever decision it makes.

JUDGMENT REVERSED AND<br>CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellees shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
    William H. Harsha, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**