[Cite as *Detty v. Yates*, 2014-Ohio-1935.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

BERMAN P. DETTY, et al.,                    :

    Plaintiffs-Appellees,               :          Case No.   13CA3390

    vs.                                 :

MICHAEL YATES,                              :          DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:          Joshua A. Koltak and Bryan A. Niemeyer, FAULKNER,
                                GARMHAUSEN, KEISTER & SHENK, Courtview
                                Center–Suite 300, 100 South Main Avenue, Sidney, Ohio
                                45365

COUNSEL FOR APPELLEE:           Thomas M. Spetnagel, LAW OFFICES OF THOMAS M.
                                SPETNAGEL, 42 East Fifth Street, Chillicothe, Ohio
                                45601

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-30-14
ABELE, P.J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment that denied

a motion for relief from judgment filed by Michael Yates, defendant below and appellant herein.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY REFUSING TO GRANT
DEFENDANT-APPELLANT'S MOTION FOR RELIEF FOR
JUDGMENT AND REQUEST FOR HEARING BECAUSE THE
JUDGMENT WAS VOID AS A MATTER OF LAW SINCE
DEFENDANT-APPELLANT SUBMITTED AN AFFIDAVIT

TESTIFYING UNDER OATH THAT HE DID NOT RECEIVE
SERVICE OF PROCESS BECAUSE HE NO LONGER
UTILIZED THE ADDRESS TO WHICH SERVICE WAS SENT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY REFUSING TO CONDUCT
A HEARING ON DEFENDANT-APPELLANT'S MOTION FOR
RELIEF FROM JUDGMENT AND REQUEST FOR HEARING
BECAUSE THE JUDGMENT WAS VOID AS A MATTER OF
LAW SINCE DEFENDANT-APPELLANT SUBMITTED AN
AFFIDAVIT TESTIFYING UNDER OATH THAT HE DID NOT
RECEIVE SERVICE OF PROCESS BECAUSE HE NO
LONGER UTILIZED THE ADDRESS TO WHICH SERVICE
WAS SENT."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY REFUSING TO GRANT
DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM
JUDGMENT AND REQUEST FOR HEARING PURSUANT TO
OHIO CIVIL RULE 60(B) WHEN DEFENDANT-APPELLANT
SUBMITTED AN AFFIDAVIT TESTIFYING UNDER OATH
THAT HE DID NOT RECEIVE SERVICE OF PROCESS
BECAUSE HE NO LONGER UTILIZED THE ADDRESS TO
WHICH SERVICE WAS SENT."

{¶ 3}   On July 26, 2012, appellees Berman P. Detty and Sara Detty re-filed a negligence

complaint against appellant.[1]   Appellees alleged that appellant's three dogs attacked Mr. Detty

and his horse.

{¶ 4}   Appellees requested the clerk to serve the complaint upon appellant by certified

mail at 2253 Ragged Ridge Road, Frankfort, Ohio 45628.   The certified mail service was

returned as "unclaimed."   On August 24, 2012, the clerk reissued the complaint via ordinary

---

[1] Appellees filed the first complaint in 2008.    The trial court dismissed the complaint, without prejudice, on July 29, 2011 for failure to prosecute.

mail to the same address.

{¶ 5}   On October 13, 2012, appellees filed a motion for default judgment.   On October 23, 2012, the trial court granted appellees default judgment.   On January 2, 2013, the court entered a $75,000 judgment against appellant plus costs.

{¶ 6}   On January 29, 2013, appellant filed a motion for relief from judgment and requested a hearing.   Appellant argued that he did not receive proper service of the complaint and, thus, the court lacked personal jurisdiction over him, that rendered the trial court's judgment void ab initio.   Appellant further requested relief under Civ.R. 60(B)(1) because his failure to answer the complaint resulted from excusable neglect because he did have actual notice of the complaint.   Appellant additionally argued that he had a meritorious defense to present and that he filed the motion within a reasonable time.

{¶ 7}   To support his motion, appellant submitted an affidavit.   In it, appellant averred that his "current mailing address is P.O. Box 596, Frankfort, Ohio 45682" and that his "prior mailing address was 2253 Ragged Ridge Road, Frankfort, Ohio 45628."   Appellant stated that "several years ago" he obtained a P.O. Box "due to my mailbox being run over frequently." Appellant averred that "[a]t all times relevant for this purpose of this lawsuit I have not received mail at 2253 Ragged Ridge Road, Frankfort, Ohio 45628, including since before July 2012." Appellant stated that he did not receive actual notice of appellees' complaint and that he did not become aware of the proceedings until January 10, 2013, when a Ross County Sheriff's Office representative came to his home.

{¶ 8}   On May 9, 2013, the trial court overruled appellant's motion.   This appeal followed.

I

**{¶ 9}**     In his first assignment of error, appellant argues that he did not receive proper service of process and, thus, the trial court's judgment is void ab initio because the court did not have personal jurisdiction over him.

**{¶ 10}**     "'It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant.'"     State ex rel. Doe v. Capper, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, ¶13, quoting Maryhew v. Yova, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984).     "'[F]or a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void.'"     State ex rel. Ballard v. O'Donnell, 50 Ohio St.3d 182, 183-184, 553 N.E.2d 650 (1990), quoting Lincoln Tavern, Inc. v. Snader, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956); e.g., Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bod. of Revision, 119 Ohio St.3d 233, 2008-Ohio-3192, 893 N.E.2d 457, ¶20; Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision, 87 Ohio St.3d 363, 366-367, 721 N.E.2d 40 (2000).     Thus, a "'trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party to the court proceedings.'"     MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶29, quoting State ex rel. Ballard v. O'Donnell, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus.     A decision entered without jurisdiction "is unauthorized by law and amounts to usurpation of judicial power."     Ballard, 50 Ohio St.3d at 184, citing State ex rel. Osborn v. Jackson, 46 Ohio St.2d 41, 52, 346 N.E.2d 141 (1976).

{¶ 11} A court possesses inherent power to vacate a void judgment. Patton v. Diemer, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988). Thus, a party seeking to vacate a default judgment due to a lack of jurisdiction need not comply with Civ.R. 60(B), which governs relief from voidable—not void—judgments. Partin v. Pletcher, 4th Dist. Jackson No. 08CA5, 2008-Ohio-6749, ¶11; accord U.S. Bank v. Cooper, 9th Dist. Medina No. 12CA0084-M, 2013-Ohio-61, ¶10; Surgical Servs. v. Cremeans, 8th Dist. Cuyahoga No. 83493, 2004-Ohio-2330, ¶6.

{¶ 12} In the case sub judice, appellant claims that the trial court did not acquire jurisdiction over him because appellees did not properly serve him. Thus, we must examine whether appellees properly served appellant with the complaint.

{¶ 13} Service of process is valid when a plaintiff complies with the requirements outlined in the Ohio Rules of Civil Procedure. Partin at ¶13. Civ.R. 4.1 allows the plaintiff to serve the summons and complaint by certified mail. Civ.R. 4.6(D) states that if a certified mail envelope is returned with an endorsement showing that it was "unclaimed," the clerk shall notify the attorney of record. The attorney then may request the clerk to send the summons and complaint by ordinary mail. "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D).

{¶ 14} In the case at bar, appellees initially served the summons and complaint by certified mail, but it was returned as "unclaimed." Appellees then requested the clerk to serve the summons and complaint by ordinary mail, which the clerk did. The postal authorities did

not return the ordinary mail envelope with an endorsement showing failure of delivery. Thus, under Civ.R. 4.6(D), service was complete upon mailing, and appellees validly served appellant.

{¶ 15} However, several courts have determined that Civ.R. 4.6(D) merely creates a rebuttable presumption of proper service. E.g., Famageltto v. Telerico, --- Ohio App.3d. ---, 2013-Ohio-3666, 994 N.E.2d 932 (11th Dist.), ¶14; Galbreath v. Martin, 10th Dist. Franklin No. 11AP-348, 2011-Ohio-5852, ¶9; Rafalski v. Oates, 17 Ohio App.3d 65, 66, 477 N.E.2d 1212 (8th Dist.1984). This court has concluded that Civ.R. 4.6(D) plainly states that service is complete upon mailing and that the rule does not, by its terms, create a rebuttable presumption.[2] State ex rel. Scioto Cty. Dept. of Human Services v. Proctor, 4th Dist. Scioto No. 04CA2948, 2005-Ohio-1581, ¶14 ("Civ.R. 4.6(D) provides that service by ordinary mail is deemed complete so long as the envelope is not returned to the clerk."); accord 2 Klein, Darling, and Terez, Baldwin's Ohio Civil Practice, Section 4.6.22 (2013) ("The 'rebuttable presumption of proper service' language * * * is puzzling because service which complies with the Civil Rules surely does not become 'improper' under the Rules merely because it does not actually reach the defendant in question."). Thus, in Proctor, we rejected the appellant's argument that his affidavit attesting that he did not receive service showed that service of process was improper and deprived the court of jurisdiction. Id. at ¶14. We did, however, recognize that the appellant may be entitled to relief under Civ.R. 60(B).

---

[2] To the extent our earlier decision in Velvet Ice Cream-Ringold v. Hatfield, 4th Dist. Scioto 93CA1970 (May 4, 1994), is inconsistent with this rule, we hereby overrule it.

{¶ 16} Consequently, in the case sub judice, service of process was proper under Civ.R. 4.6(D), and, thus, appellant is unable to show that the court lacked jurisdiction. The trial court's judgment, therefore, is not void ab initio.

{¶ 17} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error.

II

{¶ 18} In his second assignment of error, appellant argues that the trial court erred by failing to hold a hearing to determine the validity of his assertion that he did not receive proper service.

{¶ 19} It is not clear whether appellant argues that he was entitled to a hearing to rebut the presumption of proper service in order to prove that the court's judgment was void ab initio, or if his argument is that he was entitled to a hearing regarding his Civ.R. 60(B) motion. To the extent it is the former, we reject it. As we stated infra, if a plaintiff complies with Civ.R. 4.6(D), service is deemed complete. The rule does not create a rebuttable presumption of service. To the extent appellant asserts that the court erred by failing to hold a hearing regarding his Civ.R. 60(B) motion, we agree.

{¶ 20} A trial court possesses discretion when determining whether to hold a hearing regarding a Civ.R. 60(B) motion. Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). Thus, an appellate court will not reverse a trial court's decision regarding a Civ.R. 60(B) evidentiary hearing absent an abuse of discretion. Id. "'Abuse of discretion' connotes an unreasonable, arbitrary, or unconscionable decision." State ex rel. Stine v. Brown Cty. Bd. of Elections, 101 Ohio St.3d 252, 2004-Ohio-771, 804 N.E.2d 415, ¶12. This standard

is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. State v. Darmond, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶34; In re Jane Doe 1, 57 Ohio St.3d 135, 138, 566 N.E.2d 1181 (1991).

{¶ 21} A party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. E.g., Peoples Bank, Natl. Assn. v. McGhee, 4th Dist. Gallia Nos. 12CA11 and 13CA4, 2013-Ohio-3859, ¶7. The movant bears the burden to demonstrate that he is entitled to a hearing regarding a Civ.R. 60(B) motion. PHH Mtge. Corp. v. Northrup, 4th Dist. Pickaway No. 11CA6, 2011–Ohio–6814, ¶28.

> "'If the movant files a motion for relief from judgment and it contains allegations
> of operative facts which would warrant relief under Civil Rule 60(B), the trial
> court should grant a hearing to take evidence and verify these facts before it rules
> on the motion.'"

Coulson v. Coulson, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting Adomeit v. Baltimore, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (1974); accord Kay v. Marc Glassman, supra. "Thus, the trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." Id. at 19.

{¶ 22} To be entitled to a hearing, a movant must present operative facts to show all three of the following circumstances:

> "(1) the party has a meritorious defense or claim to present if relief is granted; (2)
> the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)
> through (5); and (3) the motion is made within a reasonable time, and, where the
> grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the
> judgment, order or proceeding was entered or taken."

GTE Automatic Elec., Inc. v. ARC Industries, Inc., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 23} In the case sub judice, we believe that appellant presented operative facts to show all three of the foregoing circumstances and, thus, the trial court abused its discretion by failing to hold a hearing to ascertain the verity of the facts.

{¶ 24} Appellant set forth operative facts to demonstrate that he has a meritorious defense to present. "'[A] proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint.'" Spaulding–Buescher v. Skaggs Masonry, Inc., 4th Dist. Hocking No. 08CA1, 2008–Ohio–6272, ¶10, quoting Amzee Corp. v. Comerica Bank–Midwest, 10th Dist. Franklin No. 01AP–465, 2002–Ohio–3084, ¶20; accord Peoples Bank, supra, at ¶12. "The movant's burden is to allege operative facts that would create a defense. The movant need not conclusively establish the defense at this stage." French v. Taylor, 4th Dist. Lawrence No. 01CA15 (Jan. 2, 2002).

{¶ 25} In the case at bar, appellant's motion claimed that he had a meritorious defense to present. Appellant denied liability for appellees' claims. He asserted that he did not own the dogs that allegedly caused appellees' injuries and that he does not believe appellees have any evidence to prove that he does own the dogs. Appellant further argued that the deposition testimony taken in the prior case shows that appellees could not have suffered the $75,000 in damages that the court awarded by default. These facts, if true, warrant relief under Civ.R. 60(B).

{¶ 26} Appellant additionally set forth operative facts to demonstrate that he is entitled to relief under Civ.R. 60(B)(1). Appellant submitted an affidavit in which he stated that he did not

receive actual notice of the complaint.   Several courts have recognized that a judgment may be voidable under Civ.R. 60(B)(1) if a defendant lacked actual notice of the action.   LVNV Funding, Inc. v. Burns, 2nd Dist. Clark No. 2013CA67, 2014-Ohio-732, ¶14, citing Lawrence v. Primetime Agrimarketing Network, Inc., 5th Dist. Muskingum No.2007–0057, 2008–Ohio–2552, ¶13, and Portfolio v. Recovery Assoc. L.L.C. v. Thacker, 2nd Dist. Clark No.2008 CA 119, 2009–Ohio–4406, ¶58 (Grady, J., concurring); accord PHH mortgage at ¶16.   If a movant submits an uncontroverted affidavit stating that the movant did not receive service of process, the movant "'should be afforded the opportunity at an evidentiary hearing to contest the issue of notice.'"   Oxley v. Zacks, 10th Dist. Franklin No. 00AP-247 (Sept. 29, 2000), quoting Nationwide Ins. Co. v. Mahn, 36 Ohio App.3d 251, 252, 552 N.E.2d 1096 (1987); Infinity Broadcasting, Inc. v. Brewer, 1st Dist. Hamilton No. C-020329, 2003-Ohio-1022, ¶8 (stating that "a trial court cannot dismiss an allegation of a lack of notice out of hand.).   Thus, if appellant's assertion that he lacked actual notice of the complaint is true, he is entitled to relief under Civ.R. 60(B).

{¶ 27}  Moreover, appellant presented operative facts to show that he filed the motion within a reasonable time.   On January 2, 2013, the trial court entered final judgment in appellees' favor.   On January 29, 2013, appellant filed his motion for relief from judgment, less than thirty days from the date of the court's final judgment.   This is well under the one-year time limit set forth in Civ.R. 60(B).

{¶ 28}  Consequently, because appellant set forth operative facts to demonstrate all three factors required under Civ.R. 60(B), we believe that the trial court abused its discretion by failing to hold a hearing to ascertain the truth of the facts alleged.   We emphasize that our decision is

not a comment on the ultimate merits of appellant's Civ.R. 60(B) motion. Instead, our decision simply recognizes that appellant set forth operative facts that, if true, would entitle him to relief.

{¶ 29} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's second assignment of error and remand this matter to the trial court for an evidentiary hearing.

III

{¶ 30} Our disposition of appellant's second assignment of error renders his third assignment of error moot. We therefore do not address it. App.R. 12(A)(1)(c).

{¶ 31} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's third assignment of error. We reverse the trial court's judgment and remand for a hearing regarding appellant's Civ.R. 60(B) motion.

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

**[Cite as *Detty v. Yates*, 2014-Ohio-1935.]**

JUDGMENT ENTRY

It is ordered that the judgment be reversed and case remanded for further proceedings. Appellant shall recover of   appellees the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.