[Cite as *In re A.G.*, 2014-Ohio-5014.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | |
|---|---|
| IN THE MATTER OF: | : |
| A.G., | : Case No. 14CA28 |
| | : |
| Adjudicated Dependent | : DECISION AND JUDGMENT ENTRY |
| Child. | |
| | : |

_____

APPEARANCES:

COUNSEL FOR APPELLANT: K. Robert Toy, 50 ½ South Court Street, Athens, Ohio 45701

COUNSEL FOR APPELLEE ATHENS COUNTY CHILDREN SERVICES: Keller J. Blackburn, Athens County Prosecuting Attorney, and Sabrina J. Ennis, Athens County Assistant Prosecuting Attorney, P.O. Box 1046, Athens, Ohio 45701

COUNSEL FOR APPELLEE E.G.: Madeline Rambo, Sowash Law Offices, LPA, 39 North College Street, Athens, Ohio 45701

_____

CIVIL APPEAL FROM COMMON PLEAS COURT, JUVENILE DIVISION
DATE JOURNALIZED: 11-6-14

ABELE, P.J.

{¶ 1} This is an appeal from an Athens County Common Pleas Court, Juvenile Division, judgment that awarded Athens County Children Services (ACCS) temporary custody of A.G. Appellant, J.G. (the child's biological father), raises the following assignment of error for review:

"AN ADJUDICATION THAT A CHILD IS DEPENDENT AND
TEMPORARY CUSTODY BEING AWARDED TO ATHENS

COUNTY CHILDREN SERVICES SHOULD BE SET ASIDE
WHERE THE ACKNOWLEDGED FATHER WAS DENIED HIS
RIGHT TO BE REPRESENTED BY COUNSEL, WAS NOT
PROPERLY NOTIFIED OF THE HEARING, AND WHERE HE
HAD NO OPPORTUNITY TO PRESENT ARGUMENTS OR TO
BE HEARD AT SAID HEARING."

{¶ 2} On May 6, 2014, appellant was arrested after a domestic violence incident that involved the child's mother, E.G. On May 7, 2014, ACCS (1) filed a motion for emergency custody, (2) filed a complaint that alleged A.G. is a neglected and dependent child, and (3) requested temporary custody of A.G.

{¶ 3} The complaint asserted that on April 24, 2014, a law enforcement officer responded to a report of domestic violence that involved the child's parents. The responding officer observed that E.G. had the beginnings of a black eye and abrasions on her eyelids. E.G. denied that any domestic violence had occurred, and actually claimed that the child accidentally gave her the black eye. On April 28, 2014, E.G. met with a caseworker about the April 24 incident and continued to deny that any domestic violence had occurred. E.G. advised the caseworker that she told the responding officer that she received the black eye when some dishes fell on her. E.G. also denied that she had informed the responding officer that the child had given her the black eye. However, E.G. eventually admitted that J.G. gave her the black eye and informed the caseworker that she had developed a plan to leave J.G., but had not yet done so.

{¶ 4} On May 6, 2014, E.G. had extensive injuries to her head, face, and body. E.G. stated that J.G. had caused them "over a period of days." J.G. was subsequently arrested and charged with felonious assault. The complaint also alleged that E.G. "has demonstrated

unwillingness to protect the child from domestic violence historically and there [is] no guarantee she would protect the child once [J.G. is] released from jail on this charge."

{¶ 5} The praecipe requested the clerk to serve notice of filing of the complaint, the complaint, the motion for emergency custody, and the affidavit in support of the motion for emergency custody upon both parents "by certified or express mail, or if it appears by Affidavit that after reasonable effort the person to be served cannot be found or his post-office address ascertained, whether he is within or without a state, publish the summons in a newspaper of general circulation throughout the county."  The praecipe listed both parents' addresses as "10054 New England Road, Stewart, Ohio 45778."

{¶ 6} On May 8, 2014, the trial court granted ACCS temporary custody of the child.  The court found:

> "Notice was given or process served upon the child's parents, guardian or custodian of the time and place of this hearing and the issues to be discussed, including the possibility of placing the child in shelter care and the reason for the possible placement.  Notice was given as follows:  [E.G.] and [J.G.] were notified both in writing and verbally."

{¶ 7} On May 8, 2014, a summons was issued to appellant at the New England Road address.  The summons informed appellant that a hearing would be held on June 9, 2014 to consider the neglect and dependency complaint and the ACCS request for temporary custody. The summons advised appellant that he "is entitled to be represented by an attorney and that upon request the court will appoint an attorney for an indigent party."  The summons further stated: "You are warned that you may lose valuable rights or be subject to court sanction if you fail to appear at the time and place noted above."  An electronic return receipt shows that the summons was received at the following address: "C/O Seorj, 16677 Riverside Drive,

Nelsonville, Ohio 45764." Another document shows that "Stormy Ball" signed for the certified mail.

{¶ 8} On May 12, 2014, ACCS filed an amended complaint that changed the parents' addresses to 6800 Baker Road, Lot 32, Athens, Ohio 45701.

{¶ 9} On June 9, 2014, the trial court held an adjudicatory hearing. At the hearing, the child's mother agreed to admit dependency, and ACCS dismissed the neglect allegation. The mother further agreed to place the child in ACCS's temporary custody.

{¶ 10} On June 23, 2014, the trial court adjudicated the child a dependent child and awarded ACCS temporary custody of the child. The court further found "that the necessary parties were properly served with notice of this matter, or waived service." On July 9, 2014, the court returned the child to E.G.'s custody subject to ACCS's protective supervision. This appeal followed.

{¶ 11} In his assignment of error, appellant contends that the trial court's judgment must be set aside because he (1) did not receive proper service of process, (2) was denied his right to counsel, and (3) was deprived of an opportunity to be heard. Appellant asserts that he did not receive "proper notice of the [June 9, 2014] hearing," because he "was incarcerated at the Southeastern Ohio Regional Jail, and that was known to all parties."

{¶ 12} The Due Process Clause of the Fifth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, provides: "No person shall * * * be deprived of life, liberty, or property, without due process of law." Parents have a fundamental liberty interest in the care, custody, and control of their children. Troxel v. Granville, 530 U.S. 57, 65–66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). Thus, the state may not

deprive parents of their parental rights without due process of law.  In re James, 113 Ohio St.3d

420, 2007–Ohio–2335, 866 N.E.2d 467, ¶16; In re M.H., 4th Dist. Vinton No. 11CA683, 2011-

Ohio-5140, ¶¶49-50.  This right to due process "does not evaporate simply because [parents]

have not been model parents or have lost temporary custody of their child to the State."  Santosky

v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

{¶ 13} Although "due process" lacks precise definition, courts have long held that due

process requires both notice and an opportunity to be heard.  In re Thompkins, 115 Ohio St.3d

409, 2007-Ohio-5238, 875 N.E.2d 582, ¶12, citing Hagar v. Reclamation Dist. No. 108, 111 U.S.

701, 708, 4 S.Ct. 663, 28 L.Ed. 569 (1884); Caldwell v. Carthage, 49 Ohio St. 334, 348, 31 N.E.

602 (1892).  "An elementary and fundamental requirement of due process in any proceeding

which is to be accorded finality is notice reasonably calculated, under all the circumstances, to

apprise interested parties of the pendency of the action and afford them an opportunity to present

their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652,

94 L.Ed. 865 (1950); accord In re Thompkins at ¶13.  Accordingly, when the state seeks to

interfere with a parent's liberty interest in the care, custody, and management of his or her child,

the state "must attempt to provide actual notice" to the parents.  Thompkins at ¶14, citing

Dusenbery v. United States, 534 U.S. 161, 170, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002).  Due

process does not, however, require "'heroic efforts'" to effectuate service or that a parent

receives actual notice.  Id., citing Dusenbery, 534 U.S. at 170.  Instead, the means employed must

be reasonably calculated to inform the parent of the proceeding involving his or her child.  Id.,

citing Mullane, 339 U.S. at 315.

{¶ 14} Moreover, if a court fails to serve a summons to a parent in compliance with the procedural rules, then it lacks personal jurisdiction over the parent. In re Z.H. 2013-Ohio-3904, 995 N.E.2d 295, ¶14 (9th Dist.). "'It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant.'" State ex rel. Doe v. Capper, 132 Ohio St.3d 365, 2012–Ohio–2686, 972 N.E.2d 553, ¶13, quoting Maryhew v. Yova, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). "'[F]or a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void.'" State ex rel. Ballard v. O'Donnell, 50 Ohio St.3d 182, 183–184, 553 N.E.2d 650 (1990), quoting Lincoln Tavern, Inc. v. Snader, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956); e.g., Knickerbocker Properties, Inc. XLII v. Delaware Cty. Bod. of Revision, 119 Ohio St.3d 233, 2008–Ohio–3192, 893 N.E.2d 457, ¶20; Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision, 87 Ohio St.3d 363, 366–367, 721 N.E.2d 40 (2000). Thus, a "'trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party to the court proceedings.'" MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision, 126 Ohio St.3d 430, 2010–Ohio–3781, 934 N.E.2d 928, ¶29, quoting State ex rel. Ballard v. O'Donnell, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus. A decision entered without jurisdiction "is unauthorized by law and amounts to usurpation of judicial power." Ballard, 50 Ohio St.3d at 184, citing State ex rel. Osborn v. Jackson, 46 Ohio St.2d 41, 52, 346 N.E.2d 141 (1976). Thus, a valid court judgment requires both proper service under the applicable Ohio rules and adequate notice under the Due Process Clause. Sampson Sales, Inc. v. Honeywell, Inc., 66 Ohio St.3d 290, 293, 421 N.E.2d 522 (1981).

{¶ 15} In the case sub judice, our inquiry must focus upon whether appellant received proper service under the Ohio Rules of Juvenile and Civil Procedure, and whether that notice was reasonably calculated to inform him of the proceedings. Service of process is valid if service is made in accordance with the requirements outlined in the Ohio Rules of Juvenile and Civil Procedure. See Detty v. Yates, 4th Dist. Ross No. 13CA3390, 2014-Ohio-1935, ¶13, citing Partin v. Pletcher, 4th Dist. Jackson No. 08CA5, 2008-Ohio-6749, ¶13. After a complaint involving a child has been filed, Juv.R. 15(A) requires a court to cause a summons to be issued to the child's parents. Juv.R. 16(A) states that a "summons shall be served as provided in Civil Rules 4(A), (C) and (D), 4.1, 4.2, 4.3, 4.5 and 4.6." Civ.R. 4.1(A)(1)(a) permits service of summons by certified or express mail. The rule states:

> Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

{¶ 16} The rule also requires the clerk to "enter on the appearance docket the fact of delivery to the United States Postal Service for mailing or the fact of delivery to a specified commercial carrier service for delivery, and make a similar entry when the return receipt is received." Civ.R. 4.1(A)(2).

{¶ 17} Civ.R. 4.2(D) governs service of process upon an individual confined to a penal institution and states that service shall be made "by serving the individual." Thus, service at an incarcerated individual's residence is not proper. Confidential Services, Inc. v. Dewey, 10th Dist.

Franklin No. 98AP-905 (Apr. 15, 1999) ("'Civ.R. 4.6(D) clearly requires personal service at the place of incarceration.'"), quoting W. Res. Mut. Cas. Co. v. Mills, 2nd Dist. Montgomery No. 12897 (Jan. 17, 1992) (concluding that certified and regular mail service sent to an incarcerated individual's home address is not proper).

{¶ 18} Certified mail delivery does not, however, require actual service upon the party to whom it is addressed. Castellano v. Kosydar, 42 Ohio St.2d 107, 110, 326 N.E.2d 686 (1975); accord In re Estate of Riley, 165 Ohio App.3d 471, 478, 2006-Ohio-956, 847 N.E.2d 22, 27 (4th Dist.), ¶19. Instead, certified mail service is valid if "any person" at the address signs for it. Adams, Babner & Gitlitz, L.L.C. v. Tartan Dev. Co. (W.), L.L.C., 10th Dist. Franklin No. 12AP-729, 2013-Ohio-1573, ¶9, citing Civ.R. 4.1(A)(1)(a); Riley at ¶19. Thus, Ohio courts have concluded that service of process upon a parent confined to a correctional institution is valid when it is sent via certified mail and when a prison official signs the certified mail receipt. In re T.F., 4th Dist. Pickaway No. 07CA34, 2008-Ohio-1238; In re D.C., 9th Dist. Summit No. 23484, 2007-Ohio-2344; see Leman ex rel. Estate of Leman v. Fryman, 1st Dist. Hamilton No. C-010056, 2002-Ohio-191; Security Natl. Bank and Trust Co. v. Jones, 2nd Dist. No. C.A.2000-CA-59, 2001-Ohio-1534 (explaining that service of process upon an incarcerated person is presumed sufficient when the envelope containing the summons and complaint is received by an authorized prison official); State v. Jones, 12th Dist. No. CA2000-02-015 (Oct. 16, 2000).

{¶ 19} In D.C., for example, the court determined that service was properly made upon the incarcerated father when the record "contain[ed] a signed return receipt demonstrating that a summons was addressed to the father in care of the Mansfield Correctional Institution, that it was

sent by certified mail, and that receipt of the summons was evidenced by a signature." D.C. at ¶9.

{¶ 20} We reached a similar conclusion in T.F., supra. In that case, the incarcerated father received certified mail service at his place of incarceration. We held that the service was valid upon the father, even though a prison official signed the certified mail receipt.

{¶ 21} In the case at bar, we likewise conclude that appellant received proper service of the complaint. Although the praecipe requested service upon appellant at a residential address, our review of the file reveals an electronic return receipt addressed to appellant in care of the Southeastern Ohio Regional Jail. A May 12, 2014 document from the United States Postal Service states that the certified mail addressed to appellant at the jail was delivered on May 9, 2014, and signed by "Stormy Ball." Under Civ.R. 4.1(A), this is a return receipt signed by "any person" and service was completed. Castellano, supra ("[C]ertified mail, under the Rules of Civil Procedure, no longer requires actual service upon the party receiving the notice, but is effective upon certified delivery.").

{¶ 22} We additionally disagree with appellant that the trial court failed to notify him of his right to counsel. We addressed this same issue in T.F. and stated:

> "Ohio courts hold that where a parent is provided notice of his or her 'right to counsel, but fails to pursue it, [the parent] has not been denied [the] statutory right to counsel.' In re Williams, Franklin App. No. 03AP-1007, 2003-Ohio-678, ¶13, citing In re Careuthers (May 2, 2001), Summit App. No. 20272; In re Ramsey Children (1995), 102 Ohio App.3d 168, 169-170.

Here, the summons served via posting specifically stated:

> 1. You are entitled to a lawyer in all proceedings in juvenile court. The court will appoint a lawyer or designate a county public defender or joint county

public defender to provide legal representation if you cannot afford a lawyer and meet certain requirements.

2. Elieen [sic] Kester who may be reached at telephone number (740) 474-3117 Monday through Friday between the hours of 8:00 AM and 4:00 PM, is the employee designated by the court to arrange for the prompt appointment of counsel for indigent persons. If you wish to be represented by a lawyer in this proceeding but believe you cannot afford one, you should contact this person as soon as possi[b]le."

Therefore, Robertson was provided notice of his right to an attorney during the proceedings, but he never availed himself of that right. Consequently, we find that Robertson was not denied his due process right to counsel."

Id. at ¶¶15-16.

{¶ 23} Similarly, in the case sub judice the summons served via certified mail specifically informed appellant that he "is entitled to be represented by an attorney and that upon request the court will appoint an attorney for an indigent party." The summons also informed appellant how to request appointed counsel. Consequently, appellant was properly notified of his right to counsel.

{¶ 24} Even when service of process complies with the applicable rules, it will be invalid if it does not comply with due process requirements. Akron–Canton Regional Airport Auth. v. Swinehart, 62 Ohio St.2d 403, 406 N.E.2d 811 (1980), syllabus. A party thus may demonstrate that even though the party may have received proper service of process under the civil rules, the service did not comply with the due process requirement of adequate notice. A party may show that service did not comply with due process by establishing that service was not made to an address where it would be "reasonably calculated" to reach the intended person or entity. Mullane, 339 U.S. at 315.

{¶ 25} In the case at bar, appellant did not establish that service was made to an address where it would not be reasonably calculated to reach him. Rather, the record shows that service

was made at his place of incarceration where appellant argues that service should have been made.

{¶ 26} We recognize appellant's argument that nothing in the file shows that he was provided any notice of the June 9, 2014 hearing while incarcerated at the Southeastern Ohio Regional Jail. However, the electronic return receipt indicates that the summons was served upon appellant at the jail. Appellant's brief, however, does not acknowledge that this document exists. To the extent that appellant may have some evidence that he was not, in fact, properly served, Civ.R. 60(B) may provide appropriate relief. We do not, however, express any opinion on the merits of such a motion. Detty, supra; State ex rel. Scioto Cty. Dept. of Human Services v. Proctor, 4th Dist. Scioto No. 04CA2948, 2005-Ohio-1581, ¶15. Consequently, we do not conclude that the trial court violated appellant's due process rights by failing to provide appellant with adequate notice of the proceeding.

{¶ 27} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:＿＿＿＿＿＿

Peter B. Abele
Presiding Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.