[Cite as *State v. Tillett*, 2020-Ohio-3836.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-11-192 |
| | : | O P I N I O N |
| - vs - | | 7/27/2020 |
| | : | |
| PAUL E. TILLETT, SR., | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-07-1079

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, P.J.**

{¶1} Appellant, Paul E. Tillett, Sr., appeals from the 60-month prison sentence he received in the Butler County Court of Common Pleas following his convictions for gross sexual imposition. For the reasons set forth below, we affirm his sentence.

{¶2} On July 17, 2019, appellant was indicted on one count of rape of a child under 10 years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, two counts

of gross sexual imposition involving a child less than 13 years of age in violation of R.C. 2907.05(A)(4), felonies of the third degree, and one count of public indecency in violation of R.C. 2907.09(B)(1), a misdemeanor of the second degree. The charges arose out of allegations that nearly ten years ago, between January 26, 2009 and August 8, 2011, appellant sexually abused his granddaughter when she was between the ages of six and nine.

{¶3} On September 26, 2019, following plea negotiations, appellant pled guilty to two counts of gross sexual imposition in exchange for the remaining charges being dismissed. By pleading guilty, appellant admitted to having sexual contact with the victim by touching the victim's vaginal area and by having the victim touch his penis for the purpose of sexual arousal or gratification. Appellant agreed that the two offenses involved separate acts committed at separate times and that the two offenses were not allied offenses. The trial court accepted appellant's guilty plea and found him guilty of the offenses. The court revoked appellant's bond, ordered that a presentence-investigative report (PSI) be prepared, and set the matter for sentencing on October 31, 2019.

{¶4} At the sentencing hearing, the trial court heard from defense counsel, appellant, the victim, and the victim's stepmother. Defense counsel noted that appellant was 76 years old, had served as a pastor for 38 years, had no prior criminal record or pretrial supervision violations, suffered from serious health issues, and was the primary caregiver for his wife of 56 years, who required 24-hour care. Counsel also noted that appellant had taken responsibility and was remorseful for his actions. Appellant then spoke, stating he was "very sorry" and that he, like the victim, has "ha[d] a hard time." Appellant indicated he had been sexually abused by a relative when he was a child. Appellant spoke of his and his wife's medical issues, noted he had never been in trouble before, and stated that the victim had suggested that they keep the sexual contact a secret.

{¶5} The victim's stepmother discussed the effect the offenses has had on the victim, noting that the victim has become withdrawn, suffers from depression, anxiety, and low self-esteem, and cries herself to sleep at night. The victim advised the court that as a result of appellant's actions, she has felt unhappy, lost, and scared for the past ten years. The victim stated she no longer trusted anyone and believed the only way for her to heal was for appellant to be "locked away for as many years as he had the secret [abuse] locked away."

{¶6} The trial court announced appellant's sentence, stating that in fashioning the sentence it had considered the record before it, the PSI, the statements made by defense counsel and appellant, the victim impact statements, character reference letters submitted on behalf of appellant, the principles and purposes of felony sentencing pursuant to R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. The trial court noted that there was a presumption of prison for the offenses and found that appellant was not amenable to community control. The court sentenced appellant to 60-month prison terms on each count of gross sexual imposition and ran the sentences concurrently to each other. Appellant was classified as a tier II sex offender, ordered to pay court costs and $3,800 in restitution, and advised that he would be subject to five years of mandatory postrelease control upon his release from prison.

{¶7} Appellant appealed his sentence, raising the following as his only assignment of error:

{¶8} THE TRIAL COURT COMMITTED ERROR WHEN IT SENTENCED [APPELLANT] TO A TERM OF 60 MONTHS IN ODRC.

{¶9} In his sole assignment of error, appellant argues the trial court erred when it imposed 60-month prison terms for his convictions for gross sexual imposition as the sentences were not supported by the record and go against the principles and purposes of

felony sentencing. Appellant contends that when considering the purposes and principles of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors set forth in R.C. 2929.12, the record demonstrates that "[a] community control sanction with an order of probationary monitoring would have been in the best interest of the community."

{¶10} An appellate court reviews an imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶11} R.C. 2907.05(C)(2) provides that "there is a presumption that a prison term shall be imposed for the offense" of gross sexual imposition in violation of R.C. 2907.05(A)(4). In fashioning an appropriate sanction for a defendant convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4), "it is presumed that a prison term is

necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D)(1).

{¶12} The purposes of felony sentencing are to protect the public from future crime by the offender, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *State v. Birt,* 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶13} After a thorough review of the record, we find no error in the trial court's decision to sentence appellant to 60 months in prison for each of his third-degree felony offenses for gross sexual imposition. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as the court properly considered the presumption of prison and found appellant was not amenable to community control sanctions, considered the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, sentenced appellant within the permissible statutory range for his third-degree felonies in accordance with R.C. 2929.14(A)(3)(a), and properly imposed a mandatory five-year term of postrelease control.

{¶14} At the sentencing hearing, and in its sentencing entry, the trial court specifically referenced R.C. 2929.11 and 2929.12. The court discussed the principles and purposes of sentencing and looked at the seriousness and recidivism factors when determining that appellant was not amenable to community control sanctions. The court noted that appellant caused great harm to the victim and did so by taking advantage of his familial relationship with the victim. The multiple offenses occurred as part of a course of conduct and involved a very young, vulnerable victim. As the court noted, "these offenses were kept secret and were a burden on the victim for a number of years" and the victim "suffered a significant amount of emotional trauma as a result of the defendant's actions."

{¶15} Despite the seriousness of his conduct and the harm caused to the victim, appellant maintains that certain mitigating factors demonstrate that a community control sanction or, alternatively, a shorter prison term would have been a more appropriate sentence. Appellant argues that his age, poor heath, responsibility to care for his wife, lack of a criminal record and pretrial supervision violation, remorse for the offenses, and acceptance of responsibility for his actions are factors demonstrating that he poses a low likelihood of recidivism and weigh in favor of a less severe sanction being imposed. Although appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v Steger*, 12th Dist. Butler No. CA2006-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No 13AP-810, 2014-Ohio-3696, ¶ 16. Given that this case involved multiple offenses that occurred over an extended period of time, the victim was a young child, appellant held a position of trust as a close family member, and the victim suffered psychological harm as a result of appellant's actions, we find that the trial court did not err in imposing 60-month prison terms on each count of gross

sexual imposition. *See, e.g., State v. J.L.H.*, 10th Dist. Franklin No. 19AP-369, 2019-Ohio-4999, ¶ 4-10 (upholding the trial court's imposition of 60-month prison terms on a defendant's convictions for two counts of third-degree sexual battery where "there were multiple offenses, the victim was a young child, the offenses occurred over an extended period of one month, the victim was a relative, and [the defendant] held positions of trust as the victim's step-grandfather and church minister").

{¶16} Accordingly, as the sentence imposed by the trial court was not contrary to law and was supported by the record, we find no merit to appellant's arguments. Appellant's sole assignment of error is overruled.

{¶17} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.

**PIPER, J., concurring separately.**

{¶18} While I concur with the majority's decision to affirm Tillett's sentence, I write separately to emphasize the proper standard of review an appellate court is authorized to employ when reviewing a felony sentence.

{¶19} An appellate court has only the authority to review sentences in the manner proscribed by statute. *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658. R.C. 2953.05(G)(2) confines our appellate authority when reviewing a felony sentence, and provides, "the appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶20} Thus, and according to R.C. 2953.08(G)(2), our review of Tillett's sentence is limited to reviewing whether his sentence is contrary to law. We do not, however, have the authority to review whether the record supports the trial court's findings, as Tillett's convictions are not implicated by R.C. 2953.08(G)(2)(a).

{¶21} Tillett was found guilty of two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), both of which were felonies of the third degree. The trial court sentenced Tillett to a concurrent sentence. Thus, Tillett's convictions do not permit a review of the sentencing court's findings, as such were not made in accordance with R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), or R.C. 2929.20.

{¶22} This issue was recently addressed in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761 (Kennedy, J., concurring). Therein, Justice Kennedy opined that the standard utilized by the majority herein, and first set forth in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, is not the proper standard to use. Instead, Justice Kennedy noted that the standard suggested in *Marcum* was dicta and unsupported by the clear language of R.C. 2953.08(G)(2).

{¶23} I recognize that *Gwynne* was a plurality decision, that the majority of the court did not join in Justice Kennedy's concurrence, and that *Gwynne* did not overrule *Marcum* expressly. However, those facts do not change the long-standing rules that an appellate court's review must be authorized by Ohio's sentencing statutes, and a reviewing court has no authority to take measures of review not expressly enumerated by statute.

{¶24} When reviewing a sentence, I am bound by statute, rather than dicta from the Ohio Supreme Court. Thus, I would follow R.C. 2953.08(G)(2)(b) and confine my review to whether Tillett's sentence is contrary to law. I understand some will urge that *Marcum* provides appellate review as to whether the sentence is supported by the record beyond the statutory references expressly stated in R.C. 2953.08(G)(2). Yet, I cannot ignore the

Ohio Supreme Court's previous determinations, which clearly state our authorization to review sentences comes *only* from statute.

{¶25} As noted by the majority, a sentence is not contrary to law where the trial court considers the factors of R.C. 2929.11 and 2929.12, sentences the defendant in the proper statutory range, and properly imposes postrelease control. I agree with the majority that the trial court properly considered the requisite factors, sentenced Tillett within the proper range, and properly imposed postrelease control. At this juncture, my authorized appellate review of Tillett's sentence ceases. Thus, while I agree with the majority's decision to affirm the trial court's sentence, I write separately to note my disagreement with the majority's improper review of the trial court's findings to determine whether such were supported by the record.