[Cite as *State v. Montez*, 2022-Ohio-640.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-21-1086

      Appellee                                        Trial Court No.  CR202001414

v.

Nathan Montez                                   **DECISION AND JUDGMENT**

      Appellant                                       Decided:  March 4, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Joseph C. Patituce, Megan Patituce, and Aaron A. Schwartz,
for appellant

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Nathan Montez, appeals the April 16, 2021 judgment

of the Lucas County Court of Common Pleas, imposing a prison sentence of 30 months

following his conviction of gross sexual imposition of a person less than 13 years of age. For the following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} Nathan Montez was indicted on two counts of gross sexual imposition of a person less than 13 years of age, violations of R.C. 2907.05(A)(4) and (C), third-degree felonies. These charges stemmed from allegations that Montez engaged in sexual contact with his then five- and six-year-old nieces while he was babysitting them. On March 2, 2021, as part of a plea agreement, he entered a plea of no contest to one count and the other count was dismissed. The trial court sentenced Montez to 30 months in prison, five years' mandatory post-release control, and various costs, and Montez was classified a Tier II child victim offender subject to registration requirements. His conviction and sentence were memorialized in a judgment journalized on April 16, 2021.

{¶ 3} Montez appealed. He assigns the following errors for our review:

ASSIGNMENT OF ERROR [I]: THE TRIAL COURT ERRED IN SENTENCING MR. MONTEZ TO A TERM OF THIRTY (30) MONTHS IN PRISON.

ASSIGNMENT OF ERROR II: THE APPLICATION OF R.C. 2929.13(D)(1) TO VIOLATIONS OF R.C. 2907.05(A)(4) IS UNCONSTITUTIONAL.

2.

## II. Law and Analysis

{¶ 4} In this appeal, Montez challenges his 30-month prison sentence and the constitutionality of R.C. 2929.13(D)(1) as applied to R.C. 2907.05(A)(4). We consider each of his assignments in turn.

### A. Montez's Prison Sentence

{¶ 5} In his first assignment of error, Montez argues that the trial court erred when it sentenced him to 30 months in prison rather than imposing community control. He acknowledges that under R.C. 2907.05(C)(2), a conviction under R.C. 2907.05(A)(4) carries with it a presumption of prison, but he insists that it is a rebuttable presumption that still requires consideration of R.C. 2929.11 and 2929.12. He contends that the trial court considered only factors "counting against" him and failed to consider mitigating circumstances. Montez suggests that the factors in R.C. 2929.13(D)(2)—which he acknowledges do not apply here—weighed against a prison sentence. He claims that he sufficiently rebutted the presumption in favor of prison, therefore, the imposition of a 30-month sentence was improper.

{¶ 6} The state responds that the court was not required to make any particular findings in order to impose a prison sentence. It explains that because R.C. 2929.13(D)(2) is inapplicable to convictions under R.C. 2907.05(A)(4), courts have generally reviewed the considerations in R.C. 2929.11 and 2929.12 to determine whether the imposition of a prison sentence is supported by the record. But it emphasizes that under recent Ohio Supreme Court case law, appellate courts cannot conduct an

3.

independent review of the record to determine whether the considerations in R.C. 2929.11 and 2929.12 support the trial court's sentence. Rather, an appellate court can consider only whether a sentence imposed is clearly and convincingly contrary to law. Here, the state maintains, the sentence imposed is not clearly and convincingly contrary to law. Finally, the state insists that even if we could conduct an independent review of the R.C. 2929.11 and 2929.12 considerations, Montez has failed to demonstrate that those considerations support community control rather than a prison term.

{¶ 7} We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 8} In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio- 425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed

4.

in R.C. 2929.12, properly applied post-release control, and sentenced the defendant within the statutorily-permissible range.

{¶ 9} Importantly, however, the Ohio Supreme Court has made clear that "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20. In fact, the trial court's consideration of the factors set forth in R.C. 2929.11 and R.C. 2929.12 is presumed even on a silent record. *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1; *State v. Cyrus,* 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95 (1992). And an appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42.

{¶ 10} Montez was convicted of gross sexual imposition under R.C. 2907.05(A)(4). Under R.C. 2907.05(A)(4), "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person." "Gross sexual imposition committed in violation of division [R.C. 2907.05](A)(4) * * * is a felony of the third degree." R.C. 2907.05(C)(2). "* * * [F]or gross sexual imposition committed in violation of division (A)(4) * * * there is a presumption that a prison term shall be imposed for the offense * * *." *Id. See also* R.C.

5.

2929.13(D)(1) ("* * * [F]or a violation of division (A)(4) * * * of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code.").

{¶ 11} R.C. 2929.13(D)(2) sets forth circumstances under which the sentencing court may impose a community control sanction instead of a prison term on an offender for a first or second degree felony or for certain felony drug offenses for which a presumption in favor of a prison term is specified as being applicable. It identifies certain factors, the existence of which may overcome the presumption in favor of a prison sentence. But R.C. 2929.13(D)(2) is expressly *not* applicable to a conviction under R.C. 2907.05(A)(4). *See* R.C. 2929.13(D)(1) ("Division (D)(2) of this section does not apply to a presumption established under this division for a violation of division (A)(4) of section 2907.05 of the Revised Code.").

{¶ 12} Because R.C. 2929.13(D) is inapplicable, and Montez does not challenge his sentence on the basis of R.C. 2929.13(B), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), there is no basis for vacating or modifying his sentence under R.C. 2953.08(G)(2)(a). That leaves only R.C. 2953.08(G)(2)(b)—whether Montez's sentence is otherwise clearly and convincingly contrary to law.

{¶ 13} Again, we have recognized that a sentence is not clearly and convincingly contrary to law for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness

6.

and recidivism factors listed in R.C. 2929.12, properly applied post-release control, and sentenced the defendant within the statutorily-permissible range. Here, the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12. Under R.C. 2929.14(A)(3)(a), the court was permitted to impose a definite prison term of 12, 18, 24, 30, 36, 42, 48, 54, or 60 months; here, the court imposed 30 months—within the statutorily-permissible range. And the court imposed a mandatory five-year period of post-release control. This was appropriate under R.C. 2967.28(B)(1).

{¶ 14} At its heart, Montez's challenge is to the trial court's weighing of R.C. 2929.11 and 2929.12. Under *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, we may not independently weigh the evidence and substitute our judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may we modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *Id.* at ¶ 39, 41-42. Accordingly, we cannot conclude that the trial court erred in sentencing Montez to a term of 30 months in prison.

{¶ 15} We find Montez's first assignment of error not well-taken.

### B. Constitutionality of R.C. 2923.13(D)(1)

{¶ 16} In his second assignment of error, Montez argues that R.C. 2929.13(D)(1) is unconstitutional as applied to violations of R.C. 2907.05(A)(4). He maintains that offenders convicted under R.C. 2907.05(A)(4) are arbitrarily deprived a meaningful

7.

avenue to seek the imposition of a community-control sentence, effectively transforming the presumption of prison into an unwritten mandatory term. He insists that "the legislature created a system by which the right to due process is systematically denied to only a certain subset of presumptive-prison offenses."

{¶ 17} The state responds that Montez failed to raise his challenge to the constitutionality of R.C. 2929.13(D)(1) in the trial court, therefore, he has forfeited all but a plain-error review. It also contends that despite the inapplicability of R.C. 2929.13(D)(1) to convictions under R.C. 2907.05(A)(4), a trial court maintains the discretion to impose a community-control sanction if a defendant demonstrates that imposition of a prison term is not necessary to comply with R.C. 2929.11 and 2929.12. The state insists that Montez was provided the opportunity to be heard at a meaningful time and in a meaningful manner, thus he was not deprived of his procedural due process rights.

{¶ 18} The state correctly observes that Montez did not raise this argument in the trial court. The Ohio Supreme Court has recognized that "'the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court.'" *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). Nevertheless, we may consider a forfeited constitutional challenge to a statute for plain error. *Id.,* citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. "To establish that plain error occurred, we require

8.

a showing that there was an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal must be necessary to correct a manifest miscarriage of justice." *Id.*

{¶ 19} Montez challenges the constitutionality of R.C. 2929.13(D) on the basis that it violates due process. He also claims that "the legislature created a system by which the right to due process is systematically denied to only a certain subset of presumptive-prison offenses."

{¶ 20} First, Ohio courts have recognized that "Ohio's General Assembly certainly may differentiate between criminal offenders on the basis of the perceived seriousness of their crimes." *State v. Skapik,* 2015-Ohio-4404, 42 N.E.3d 790, ¶ 24 (2d Dist.). In 2006, the legislature amended R.C. 2907.05(C) and R.C. 2929.13(D) to include a presumption of prison for offenders convicted of gross sexual imposition against a victim under 13 years of age, thereby making clear that it perceives gross sexual imposition to be more serious when that crime is committed against a young child. *See* 2006 Am.Sub.H.B. No. 95; *State v. DiMichele*, 7th Dist. Jefferson No. 09-JE-31, 2010-Ohio-3169, ¶ 19, 22. We see no constitutional violation associated with the policy decision reflected—and how it is carried out—in R.C. 2907.05(C) and 2929.13(D).

{¶ 21} Second, "[t]he Due Process Clause of the Fifth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, provides: 'No person shall * * * be deprived of life, liberty, or property, without due process of law.'" *In re A.G.,* 4th Dist. Athens No. 14CA28, 2014-Ohio-5014, ¶ 12. "Due

9.

process under the Ohio and United States Constitutions demands that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner where the state seeks to infringe a protected liberty or property interest." (Citations omitted.) *State v. Hochhausler*, 76 Ohio St.3d 455, 459, 668 N.E.2d 457 (1996).

{¶ 22} Under R.C. 2929.15(A)(1), "[i]f in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions * * *." There is no mandatory prison term for gross sexual imposition under the circumstances here—only a presumption. *See State v. Stephens*, 11th Dist. Portage No. 2018-P-0090, 2019-Ohio-3150, ¶ 15. "When there is a presumption of prison that may allow for a court to order community control, there is no requirement that the court do so." *Id.* at ¶ 21, citing *State v. Fetterolf*, 11th Dist. Trumbull No. 2017-T-0109, 2018-Ohio-2454, ¶ 24.

{¶ 23} Despite courts' clear recognition that prison is not mandatory under the circumstances here,[1] Montez claims that by excluding convictions under R.C.

---

[1] Under R.C. 2907.05(C)(2), however, prison is mandatory for a conviction under R.C. 2907.05(A)(4) or (B) if "(a) Evidence other than the testimony of the victim was admitted in the case corroborating the violation; [or] (b) The offender previously was convicted of or pleaded guilty to a violation of this section, rape, the former offense of felonious sexual penetration, or sexual battery, and the victim of the previous offense was less than thirteen years of age." Notably, in *State v. Bevly*, 142 Ohio St.3d 41, 2015-Ohio-475, 27 N.E.3d 516, the Ohio Supreme Court held that "[b]ecause there is no rational basis for the provision in R.C. 2907.05(C)(2)(a) that requires a mandatory prison term for a defendant convicted of gross sexual imposition when the state has produced

10.

2907.05(A)(4) from R.C. 2929.13(D), the legislature has effectively transformed the presumption of prison into an unwritten mandatory term. But it is clear that the trial court did not believe that it was required to impose a mandatory prison term here. To the contrary, at the plea hearing, it noted that community control was among the potential sanctions that could be imposed, and at the sentencing hearing, it specifically found that Montez was not amenable to community control.

{¶ 24} The Second District observed in *State v. Jordan*, 2d Dist. Champaign No. 2016-CA-17, 2017-Ohio-5827, that given that the R.C. 2929.13(D)(2) factors are inapplicable in overcoming the presumption of prison for offenders convicted under R.C. 2907.05(A)(4), it is not entirely clear how the presumption of prison can be overcome for violations of R.C. 2907.05(A)(4). We, too, acknowledge this and note that it would be helpful if the legislature provided guidance on this point. But its failure to do so does not render the statutes unconstitutional. And our review of the case law indicates that courts simply consider R.C. 2929.11 and 2929.12 in determining whether to impose the presumptive prison sentence or to impose a term of community control. *See, e.g., State v. Tillett*, 12th Dist. Butler No. CA2019-11-192, 2020-Ohio-3836, ¶ 13; *State v. Kent*, 7th

---

evidence corroborating the crime, the statute violates the due-process protections of the Fifth and Fourteenth Amendments to the United States Constitution." *Id.* at paragraph one of the syllabus. Moreover, the court held, "[i]n cases in which a defendant has pled guilty, imposing a mandatory prison term pursuant to R.C. 2907.05(C)(2)(a) when corroborating evidence of the charge of gross sexual imposition is produced violates the defendant's right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *Id.* at paragraph two of the syllabus.

11.

Dist. Mahoning No. 21 MA 0049, 2021-Ohio-4593, ¶ 1-20; *State v. Bennett*, 2019-Ohio-4937, 149 N.E.3d 1045, ¶ 63-70 (3d Dist.).

{¶ 25} In order to declare a statute unconstitutional, the court must be convinced that the legislation and constitutional provisions are incompatible. (Citations omitted.) *Burnett v. Motorists Mut. Ins. Co.,* 118 Ohio St.3d 493, 2008-Ohio-2751, 890 N.E.2d 307, ¶ 28. Here, we find that Montez has failed to demonstrate that R.C. 2929.13(D) (as applied to R.C. 2907.05(A)(4)) is incompatible with the due-process protections afforded under the U.S. and Ohio constitutions.

{¶ 26} Accordingly, we find Montez's second assignment of error not well-taken.

### III. Conclusion

{¶ 27} We find Montez's first assignment of error not well-taken. In reviewing a felony sentence under R.C. 2953.08(G)(2)(b), we may not independently weigh the evidence and substitute our judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may we modify or vacate a sentence based on the lack of support in the record for the trial court's findings under those statutes. Montez's sentence is not subject to review under R.C. 2953.08(G)(2)(a) because none of the statutes identified in that section—R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I)—are applicable here.

{¶ 28} We find Montez's second assignment of error not well-taken. He has failed to demonstrate that as applied to R.C. 2907.05(A)(4), R.C. 2929.13(D) is incompatible with the due-process protections afforded under the U.S. and Ohio constitutions.

12.

**{¶ 29}** We affirm the April 16, 2021 judgment of the Lucas County Court of Common Pleas.  Montez is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.　　　　　

_____

JUDGE

Christine E. Mayle, J.　　　　　　

Gene A. Zmuda, J.　　　　　　　
CONCUR.

_____

JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.