[Cite as *State v. Lanier*, 2022-Ohio-1697.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                             Court of Appeals No. OT-21-029

        Appellee                                 Trial Court No. 2021CR004

v.

Jareel Lanier                                            **DECISION AND JUDGMENT**

        Appellant                                Decided: May 20, 2022

* * * * *

James J. VanEerten, Ottawa Count Prosecuting Attorney, and
Blake W. Skilliter, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**ZMUDA, J.**

## I.    Introduction

{¶ 1} Appellant, Jareel Lanier, appeals the judgment of the Ottawa County Court of Common Pleas, sentencing him to 17 months in prison after he pled guilty to aggravated trafficking in methamphetamine and trafficking in cocaine. Finding no error in the proceedings below, we affirm.

## A.    Facts and Procedural Background

{¶ 2} On January 7, 2021, appellant was indicted on one count of aggravated trafficking in methamphetamine in violation of R.C. 2925.03(A)(1) and (C)(1)(a), a felony of the fourth degree, and two counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(a), felonies of the fifth degree. Appellant appeared before the trial court for arraignment on February 12, 2021, and entered a plea of not guilty to the aforementioned charges. Counsel was appointed and the matter proceeded through pretrial discovery and plea negotiations with the state.

{¶ 3} Three months later, on May 27, 2021, appellant came before the trial court for a plea change hearing. At the plea hearing, the parties informed the court that they had reached a plea agreement wherein appellant agree to plea guilty to one count of trafficking in cocaine and the sole count of aggravated trafficking in methamphetamine in exchange for the state's dismissal of the remaining count of trafficking in cocaine. The state also agreed to recommended a sentence of community control "so long as there [are] no bond violations."

{¶ 4} After a Crim.R. 11 colloquy, the trial court asked appellant to articulate the factual predicate for the guilty, and appellant admitted to selling methamphetamine and cocaine on September 13, 2019, the date alleged in the indictment. The trial court then accepted appellant's guilty plea and scheduled a sentencing hearing following the preparation of a presentence investigation report.

2.

{¶ 5} Prior to appellant's sentencing hearing, on July 7, 2021, the state filed a "complaint of bond violation" and "motion for bench warrant," in which appellant's probation officer alleged that appellant failed to appear for random drug testing on three occasions, one of which occurred after the change of plea hearing. That same day, the trial court issued an entry granting the state's request, issuing a bench warrant for appellant's arrest, and ordering appellant to show cause as to why his bond should not be revoked. Appellant appeared before the trial court two days later and admitted to the bond violation. The trial court then continued appellant's bond and set the matter for sentencing on September 10, 2021.

{¶ 6} On August 17, 2021, the state filed another "complaint of bond violation" and "motion for bench warrant," alleging that appellant failed to appear for random drug testing on August 12, 2021, and August 16, 2021. Further, the state informed the trial court that appellant's previous two urine samples "came back as positive dilute" in violation of the standard conditions of appellant's drug testing. Additionally, the state alleged that appellant was no longer residing at the address provided on his bond. The trial court again issued a bench warrant for appellant's arrest and ordered appellant to show cause as to why his bond should not be revoked.

{¶ 7} While the bench warrant was pending, appellant's sentencing hearing was held on September 10, 2021. At the outset of the hearing, the state brought the court's attention to the fact that appellant violated bond while awaiting sentencing. Nonetheless,

3.

the state retained its recommendation of community control. In response, appellant acknowledged the bond violations but asked the trial court to impose community control in lieu of prison.

{¶ 8} Upon consideration of the presentencing investigation report and in light of appellant's bond violations, the trial court determined that appellant was not amenable to community control under R.C. 2929.13. The court expressly found that appellant violated bond during the pendency of the case and had committed a prior felony within two years of sentencing. Consequently, the court ordered appellant to serve 17 months for the aggravated trafficking charge and 12 months for the trafficking charge, to be served concurrently. In sentencing appellant, the trial court indicated that it considered the principle and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors outlined in R.C. 2929.12.

{¶ 9} Thereafter, on October 12, 2021, appellant filed his notice of appeal.

### B.     Assignments of Error

{¶ 10} On appeal, appellant assigns the following error for our review:

1.  The Trial Court's sentence of Jareel A. Lanier ("Appellant") is excessive and contrary to Ohio law.

### II.     Analysis

{¶ 11} In his sole assignment of error, appellant argues that his sentence is contrary to law.

4.

**{¶ 12}** Our review of felony sentences is governed by R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

**{¶ 13}** Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The sentence imposed shall be reasonably calculated to achieve the overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim,

5.

and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 14} At the outset, we note that the record demonstrates the trial court engaged in the appropriate analysis when it imposed appellant's prison sentences. In particular, the trial court examined the principles and purposes of sentencing under R.C. 2929.11 and weighed the seriousness and recidivism factors under R.C. 2929.12.[1]

{¶ 15} We have previously stated that a sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16.

{¶ 16} The trial court's sentence in this case falls within the applicable statutory ranges for felonies of the fourth and fifth degree under R.C. 2929.14(A)(4) and (5). Moreover, appellant does not challenge the trial court's technical compliance with R.C. 2929.11. Despite his acknowledgement that the trial court considered the principles and

---

[1] The trial court also considered the applicability of the presumption in favor of community control under R.C. 2929.13, but found that the presumption did not apply in this case. Appellant does not challenge that finding.

6.

purposes of sentencing, appellant questions the trial court's determinations flowing from its consideration of R.C. 2929.11.

{¶ 17} In his brief, appellant contends that his 17-month prison sentence was contrary to law because "the record does not support the sentence * * * insofar as the Trial Court did not impose the minimum sentence which would effectively rehabilitate Appellant." In advancing his argument under R.C. 2929.11, appellant maintains that he is currently working a full-time job and is thus "trying to become a law contributing member of society." Further, appellant notes that the state recommended community control in lieu of prison notwithstanding his bond violations. According to appellant, he failed to appear for his drug screenings, which gave rise to the bond violations, only because he contracted Covid-19. Thus, appellant reasons that it was improper for the trial court to impose a prison sentence based upon his bond violations.

{¶ 18} In essence, appellant's argument boils down to a disagreement with the trial court's determination that a prison sentence is consistent with the principles and purposes of sentencing, only one of which is rehabilitation. Appellant contends that the record does not support such a determination. However, this argument is unavailing because "neither R.C. 2953.08(G)(2)(a) or (b) permits us to vacate or modify appellant's sentence if we find the record does not support the trial court's imposition of a prison term following its consideration of R.C. 2929.11 and 2929.12." *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13.

7.

**{¶ 19}** In *Orzechowski*, we recognized that the Ohio Supreme Court's holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, precludes our review of felony sentences based solely on the contention that the trial court improperly considered the factors identified in R.C. 2929.11 and 2929.12. *Id.* "In light of *Jones*, assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error." *Id.*

**{¶ 20}** Appellant's argument herein is based entirely upon the trial court's consideration of R.C. 2929.11. Consistent with *Jones* and cases like *Orzechowski* that follow *Jones*, we find appellant's sole assignment of error not well-taken.

### III.    Conclusion

**{¶ 21}** In light of the foregoing, the judgment of the Ottawa County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, J.      _____
CONCUR.                JUDGE

            _____
                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.