[Cite as *State v. McIntire*, 2022-Ohio-2907.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-21-068

　　　　　Appellee                          Trial Court No.  2020CR0279

v.

Steven McIntire                              **DECISION AND JUDGMENT**

　　　　　Appellant                         Decided:  August 19, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Sarah Haberland, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 23, 2021 judgment of the Wood County

Court of Common Pleas, sentencing appellant to a three-year term of community control

in response to appellant's violation of the terms and conditions of the Wood County intervention in lieu of conviction diversion program.

{¶ 2} The trial court had previously granted appellant's request for placement into the program as a conditional resolution of appellant's underlying offense, one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree.

{¶ 3} Appellant's unsuccessful termination from the diversion program occurred following his positive test results reflecting both cocaine and alcohol consumption, in contravention of the terms and conditions of the program. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 4} Appellant, Steven McIntire, sets forth the following sole assignment of error:

The trial court abused its discretion when sentencing the defendant.

{¶ 5} The following undisputed facts are relevant to this appeal. During 2019-2020, while employed by the Owens-Illinois Corporation, appellant made a total of ninety (90) unauthorized purchases at businesses and restaurants in the Perrysburg area on a corporate credit card. Investigation revealed that these purchases were purely personal in nature and were wholly unrelated to any legitimate business travel expenses incurred by appellant. The improper charges totaled $3,329.63.

{¶ 6} Appellant persisted in making additional unauthorized personal purchases on his employer's credit card even after being given a warning by his supervisor on the

2.

matter and an informal opportunity to stop the malfeasance and reimburse his employer following their discovery of the issue.

{¶ 7} Given appellant's continued misuse of the corporate credit card and failure to reimburse his employer for the theft, his employment was ultimately terminated. The matter was then referred to the Perrysburg Police Department for their investigation and consideration of criminal charges.

{¶ 8} On August 6, 2020, appellant was indicted on one count of theft, in violation of R.C. 2913.02, a felony of the fifth degree. On November 30, 2020, appellant requested placement into the intervention in lieu of conviction program.

{¶ 9} On March 11, 2021, the trial court granted appellant's request and appellant was placed in the program. In conjunction, the trial court accepted appellant's guilty plea to the theft offense.

{¶ 10} On May 18, 2021, appellant violated the terms and conditions of intervention program upon testing positive for both cocaine and alcohol use. On June 28, 2021, a violation hearing was conducted. Appellant admitted to the violations.

{¶ 11} On August 23, 2021, appellant was sentenced to a three-year term of community control. No term of incarceration was imposed based upon the trial court's finding that the presumption of community control over incarceration for the underlying theft offense had not been overcome. This appeal ensued.

3.

{¶ 12} In the sole assignment of error, appellant argues that the trial court erred in sentencing appellant to community control. We do not concur.

{¶ 13} In support of this appeal, appellant alleges that the trial court erred in its R.C. 2929.12(A)(4) consideration of whether, "The offense was committed under circumstances not likely to recur."

{¶ 14} Specifically, appellant unilaterally maintains that, "[A]ppellant fell down and broke his leg * * * *these events led him to use cocaine and alcohol due to the pain and emotional distress * * * [I]t is very unlikely that these two events [would] happen simultaneously again.*" (Emphasis added).

{¶ 15} Based upon the above, appellant argues that the sentence of community control should be vacated.

{¶ 16} Conspicuous by its absence, this position is unaccompanied by support from the record of evidence or any legal authority arguably reflecting that the imposition of community control in this case was unlawful or improper.

{¶ 17} Our review of felony sentences is governed by R.C. 2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under

division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

4.

section 2929.14, or division (I) of section 2929.20 of the revised code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

*Accord State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

**{¶ 18}** Contrary to appellant's position, our review of the record reflects that the trial court properly examined the principles and purposes of sentencing under R.C. 2929.11 and weighed the seriousness and recidivism factors under R.C. 2929.12.

**{¶ 19}** The record reflects that the disputed trial court sentence in this case falls within the applicable statutory ranges for felonies of the fourth and fifth degree under R.C. 2929.14(A)(4) and (5). In addition, appellant does not challenge the trial court's technical statutory compliance.

**{¶ 20}** Rather, appellant speculates that the confluence of events preceding appellant's commission of theft from his employer is unlikely to recur and, therefore, further speculates that appellant is not likely to commit future crimes as relates to consideration of R.C. 2929.12(A)(4).

**{¶ 21}** Appellant then concludes, based upon this conjecture, that community control should not have been imposed. We are not convinced.

**{¶ 22}** Of apposite significance, appellant's position on appeal is without merit given that:

5.

In *Orzechowski* [*State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985] we recognized that the Ohio Supreme Court's holding in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, precludes our review of felony sentences based solely on the contention that the trial court improperly considered the factors identified in R.C. 2929.11 and 2929.12. In light of *Jones*, assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error.

*State v. Lanier*, 6th Dist. Ottawa No. OT-21-029, 2022-Ohio-1697, ¶ 19.

{¶ 23} As applied to this case, appellant's argument herein is specifically, solely based upon disputing the trial court's R.C. 2929.12 considerations. This does not constitute valid grounds for claimed error on appeal. Thus, in accord with *Jones* and *Lanier*, we find appellant's sole assignment of error not well-taken.

{¶ 24} Wherefore, the judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                           _____
                                                         JUDGE

Gene A. Zmuda, J.

                                                  _____
Myron C. Duhart, P.J.                              JUDGE
CONCUR.

                                                  _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.