[Cite as *State v. Lanier*, 2026-Ohio-762.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  OT-25-017 |
| | OT-25-018 |
| | OT-25-019 |
| Appellee | Trial Court No.  24 CR 048 |
| | 24 CR 224 |
| v. | 24 CR 225 |
| Jareel Lanier | **DECISION AND JUDGMENT** |
| Appellant | Decided: March 6, 2026 |

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, P.J.**

*Procedural History*

{¶ 1} This is a consolidated appeal of sentences imposed on three separate cases from the Court of Common Pleas of Ottawa County, Ohio. On March 20, 2024, appellant, Jareel Lanier, was indicted on one count of Theft, a felony of the fifth degree, and one count of Possessing Criminal Tools, a felony of the fifth degree, in case No. 24CR-048.

{¶ 2} On September 25, 2024, appellant was indicted on one count of Felonious Assault, a felony of the second degree, one count of Strangulation, a felony of the second

degree, one count of Strangulation, a felony of the third degree, one count of Disrupting Public Services, a felony of the fourth degree, one count of Domestic Violence, a felony of the fifth degree, one count of Tampering with Evidence, a felony of the third degree, one count of Obstructing Official Business, a felony of the fifth degree, and one count of Resisting Arrest, a misdemeanor of the second degree, in case No. 24-CR-224.

{¶ 3} On September 25, 2024, Appellant was indicted on one count of Theft, a felony of the fifth degree, in case No. 24-CR-225.

{¶ 4} On February 7, 2025, appellant pled guilty to one count of Theft, a felony of the fifth degree, in case No. 24-CR-048, one count of Attempted Felonious Assault, a felony of the third degree, and one count of Obstructing Official Business, a felony of the fifth degree, in case No. 24-CR-224, and one count of Theft, a felony of the fifth degree, in case No. 24-CR-225.

{¶ 5} On March 28, 2025, appellant was sentenced to six months on each felony of the fifth degree and thirty-six months on the felony of the third degree in the Ohio Department of Rehabilitation and Correction. The sentences were run concurrently for a total period of incarceration of 36 months. Appellant received credit for 201days previously served, as well as any days awaiting transport.

{¶ 6} Appellant timely filed a notice of appeal in each case, which have been consolidated by this court.

### Assignment of Error

{¶ 7} Lanier presents a single assignment of error: THE TRIAL COURT ERRED BY IMPOSING A PRISON TERM

2.

{¶ 8} Appellant concedes that each individual prison term imposed in each case, 6 months for the fifth-degree felonies and 36 months for the third-degree felony, is within the statutory range provided by R.C. 2929.14(A).  Therefore, the sentences are not contrary to law.

{¶ 9} Appellant also concedes that the court explicitly stated that it considered the principles and purposes of sentencing under R.C. 2929.11 and R.C. 2929.12. Further, the court also made a finding that Lanier was not amenable to community control and was properly notified about mandatory post-release control.  Despite these concessions, appellant asks this court to review his sentence as he believes that he should have received a community control sanction.

*Analysis*

{¶ 10} We will note that appellant has presented no challenge to the trial court's consideration of sentencing factors set forth in R.C. 2929.11 and 2929.12. Rightfully so since this court long ago recognized that the Ohio Supreme Court's holding in *State v. Jones*, 2020-Ohio-6729, precludes our review of felony sentences based solely on the contention that the trial court improperly considered the factors identified in R.C. 2929.11 and 2929.12.  *State v. Lanier*, 2022-Ohio-1697, ¶ 19 (6th Dist.).

{¶ 11} This court reviews felony sentences pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not

3.

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or(C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
(b) That the sentence is otherwise contrary to law.

*State v. Coon,* 2025-Ohio-1849, ¶ 20 (6th Dist.).

{¶ 12} R.C. 2929.13(B) (1)(b) specifically gives a court discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if the offender had previously served a prison term or the offender committed the offense while under a community control sanction while on probation, or while released from custody on a bond or personal recognizance.

{¶ 13} The record establishes that both of these statutory conditions were present in these cases so as to enable the trial court discretion to impose a prison term on each of these charges.

{¶ 14} In case No. 24-CR-048, Lanier was given a personal recognizance bond on this Theft charge for an offense alleged to have occurred on March 2, 2024.  While out on this bond, appellant was indicted on September 25, 2024, for Felonious Assault, Strangulation, Disrupting Public Service, Domestic Violation, Tampering With Evidence and Obstructing Official Business alleged to have occurred on September 17, 2024 in case No. 24-CR-224.

4.

{¶ 15} Still while on personal recognizance bond, he was indicted in case No. CR-24-225 for Theft alleged to have occurred from June 22- 24, 2024.In addition, Lanier had previously served a prison term after violating conditions of community control. *See State v. Lanier*, 2022-Ohio-1697, ¶ 8 (6th Dist.).

{¶ 16} Accordingly, upon our review of the record, we cannot clearly nor convincingly find that the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, or that the sentence is otherwise contrary to law.

*Conclusion*

{¶ 17} For the foregoing reasons, the judgments of the Ottawa County Court of Common Pleas are affirmed. Lanier is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, PJ.

JUDGE

Myron C. Duhart, J.

JUDGE

Charles E. Sulek, J.
CONCUR.

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.