**[Cite as *State v. Betz*, 2026-Ohio-1158.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No.  OT-25-030

      Appellee                                      Trial Court No.  24-CR-194

v.

Steven M. Betz                                     **DECISION AND JUDGMENT**

      Appellant                                     Decided: March 31, 2026

* * * * *

James VanEerten, Ottawa County Prosecuting Attorney, and
Daivia S. Kasper, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal from the August 15, 2025 judgment of

the Ottawa County Common Pleas Court which sentenced appellant, Steven M. Betz, to 12

months in prison for theft.  For the reasons that follow, we affirm.

## Assignment of Error

**THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A PRISON TERM BECAUSE ITS FINDING THAT HE WAS "NOT AMENABLE TO COMMUNITY CONTROL" WAS NOT SUPPORTED BY THE RECORD AND WAS CONTRARY TO LAW.**

## Background

{¶ 2} Betz was indicted on one count of theft, in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth-degree felony. This charge stemmed from the theft of a pair of jet skis.

{¶ 3} Betz appeared on August 14, 2025, for a change of plea hearing and sentencing. Prior to the plea hearing, he admitted to "several" bond violations. He acknowledged that the maximum penalty he could receive on the theft charge would be 12 months. After the plea colloquy, the prosecutor explained the events leading up to the charge as follows:

> [T]he date of the offense was August 16 of 2024. At that time the Defendant did, as he's indicated, back up to a property in Ottawa County to [sic] two jet skis to his motor vehicle and drove them toward his home. Was eventually stopped in Wood County with the jet skis still attached to it."

{¶ 4} Betz agreed the facts were accurate. He pled guilty to the single count of the indictment. The court accepted his plea and found him guilty. The court then proceeded to sentencing. The prosecutor first addressed the court and referred to the theft as "premeditated" as Betz "scouted the area" and "purposely drove into Ottawa County in order to steal these jet skis." The prosecutor also mentioned Betz's record, which included "at least seven prior felony convictions . . . [a]nd 23 convictions overall," which,

2.

according to the prosecutor, meant that "[a]t 38 years old, [Betz] has spent more time as an adult either in jail, in prison, or on community control." Based upon these facts, the prosecutor recommended a 12-month prison sentence. Next, Betz's attorney spoke to the court. She acknowledged that when looking at the PSI "it absolutely looks terrible," but she maintained that it really "speaks of our justice system" and when people are put in jail they have "a hard time going back into society and becoming productive members of society." She noted that Betz recently did "CCF," which "shows that he suffers from an addiction," that he had his GED and some college, family support and "a lot of marketable skills." She drew the court's attention to his "mental health concerns" and argued that he could benefit from "an actual psychiatrist outside of the criminal justice system" because in prison, people don't get "the resources they need" and if he was put in prison, "he's just going to come back out and reoffend unless we actually make a difference in his life and set him up for success." She observed that Betz "keeps being locked up. Coming out. Re-offending. Locked up. Coming out. Re-offending," but she asserted that "if we can come up with a creative solution and he's given that opportunity, then maybe something can actually change."

{¶ 5} In response, the court addressed Betz and stated that "I'm listening to . . . your Counsel's argument. It, it occurs to me that you're ultimately responsible for whether or not you've gotten help in between your periods of incarceration. You are certainly responsible for the decisions you made." Betz responded that "I've, all these years, looked back on the [s]entencing, not one time was I sentenced to any kind of treatment," although he did mention a time when a Lucas County judge recently sent him

3.

to a correctional treatment facility upon his request. Betz also commented that "[t]he only time I ever get on my psych meds correctly is when I get locked up."

{¶ 6} The court considered the factors set forth in R.C. 2929.11 and R.C. 2929.12 and found that "the more likely recidivism factors outweigh the less likely factors. The more serious factors . . . do not outweigh the less serious factors." The court also considered the factors in R.C. 2929.13, Betz's previous record and "the premeditated nature of this offense" and found that Betz was not amenable to community control. The court then sentenced him to a 12-month prison term.

{¶ 7} After sentencing, the court made the following comments:

> I will add that this Court is all about rehabilitation and recovery and drug and alcohol treatment. It doesn't appear that you've taken any steps when you're out to pursue that. It - - so to that end, when you are out, if you want help, come see us. And we'll make sure that we get hooked up with the appropriate places that can give you some help. We'll do what we can to find you employment. Even though we don't have a responsibility to you after your prison sentence, we're still going to help you if we can.

{¶ 8} The court journalized its sentence in the August 15, 2025 judgment entry. Betz appealed.

### Standard of Review

{¶ 9} We review felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 2022-Ohio-2524, ¶ 8 (6th Dist.). R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court clearly and convincingly finds that either of the following apply: (a) "the record does not support the sentencing court's findings under division (B) or (D)

4.

of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (b) "the sentence is otherwise contrary to law." Clear and convincing evidence is defined as "'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gwynne*, 2023-Ohio-3851, ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

### Analysis

{¶ 10} Betz contends that the trial court erred in sentencing him to prison for a fifth-degree felony as the sentence was "based on an erroneous finding that Mr. Betz was 'not amenable to community control,' a finding that is clearly and convincingly unsupported by the record." He further maintains that the trial court's justifications, his previous record and the premeditated nature of the offense, ignore "the entirety of the mitigation presented and misconstrues the concept of 'amenability.'" He asserts that his record does not show that he is not amenable to community control, but rather that he hasn't "been given a meaningful opportunity for community control with the proper treatment components" and that a "finding of 'non-amenability' cannot be based solely on a prior record when that record is the product of a failure to provide treatment." (Emphasis deleted.) He cites to the court's final offer to help after his sentence as "an implicit admission that the court *does* believe [he] is capable of rehabilitation," and

5.

insists that this "directly contradicts" the court's finding of non-amenability and therefore is sentence is contrary to law.

{¶ 11} "R.C. 2929.13(B)(1)(b) specifically gives a court discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if the offender had previously served a prison term . . . ." *State v. Lanier*, 2026-Ohio-762, ¶ 12 (6th Dist.). The record establishes that Betz had served multiple prior prison terms, and thus the trial court had discretion to impose a prison term.

{¶ 12} Additionally, Betz's claim that the trial court ignored his evidence presented in mitigation "does not present an issue subject to appellate review because a court's consideration of mitigating factors in imposing a prison sentence rather than community control falls under R.C. 2929.11 or 2929.12." *State v. Rivera*, 2025-Ohio-314, ¶ 17 (6th Dist.), citing *State v. Montez*, 2022-Ohio-640, ¶ 5, 14 (6th Dist.). The trial court specifically considered the factors in R.C. 2929.11 and 2929.12, and we are not permitted "to independently weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *Id.*, quoting *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.).

{¶ 13} For these reasons, we cannot clearly nor convincingly find that the record does not support the sentencing court's findings under division (B) of section 2929.13, or that the sentence is otherwise contrary to law. Therefore, Betz's assignment of error is found not well-taken.

6.

**Conclusion**

{¶ 14} The judgment of the Ottawa County Court of Common Pleas is affirmed.

Pursuant to App.R. 24, Betz is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.
_____
JUDGE

Myron C. Duhart, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.